520 A.2d 135

R. M. & R., Inc., Appellant *v.* Commonwealth of Pennsylvania, Appellee.

R. M. & R., Inc., Appellant v. Commonwealth of Pennsylvania, Appellee.

Submitted on briefs December 8, 1986, to Judges DOYLE and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*George B. Ditter, Jenkins, Tarquini & Jenkins,* for appellant.

*Ross Weiss, Shor, Levin and Weiss,* for appellee.

Opinion by Senior Judge Barbieri, January 23, 1987:

R. M. & R., Inc., Appellant, appeals here from a judgment of sentence imposed by the Court of Common Pleas of Montgomery County following Appellant's conviction for two counts of violating Chapter 42, §119.2, of the Whitemarsh Township Code (Code). The common pleas court fined Appellant a total of $400.00 and ordered it to pay the costs of prosecution. We affirm.

The pertinent facts are that Appellant operates a tavern known as the Bent Elbo Tavern at Fortside located at 582 Bethlehem Pike, Fort Washington, Whitemarsh Township, Montgomery County. Appellant acquired the property in June, 1982, and opened for business in September, 1982. Whitemarsh Township (Township) issued a Certificate of Use and Occupancy to Appellant on September 8, 1982. On its face, the certificate contained no special conditions.

On October 14, 1983 and on December 22, 1983, Appellant was issued citations for using the second floor of 582 Bethlehem Pike without a use and occupancy certificate in violation of Section 119.2 of the Code. Appellant was found guilty of violating Section 119.2 of the Code before a District Justice and appealed the conviction to common pleas court. The common pleas court held a trial *de novo* after which it found Appellant guilty of two counts of violating Section 119.2 of the Code and sentenced it to pay a total of $400.00 in fines plus costs of prosecution. Appellant then filed a timely appeal to this Court.

In its appeal to this Court, Appellant contends that: (1) the common pleas court erred in receiving parol evidence to determine whether any conditions were attached to the use and occupancy certificate which was unconditional upon its face; (2) whether the common pleas court erred in finding Appellant's use of the second floor of 582 Bethlehem Pike was in violation of the Code; and (3) whether the common pleas court erred in allowing testimony as to the fire and safety hazard posed by its use of the second floor.

We have reviewed the records and briefs of the parties and conclude that the above issues were adequately and properly resolved by the common pleas court. We agree with that court's finding that parol evidence was admissible to establish a restriction imposed with Appellant's use and occupancy permit since the record clearly shows Appellant's principal had represented to the Township that only the first floor of 582 Bethlehem Pike would be used for its business. Additionally, we concur with the common pleas court's decision to allow testimony as to the fire and safety hazard posed by Appellant's use of the second floor of 582 Bethlehem Pike since one of the provisions of the Township Code it was charged with violating was the provision ensuring public safety and fire safety. Accordingly, we will affirm the order of the common pleas court on the basis of the able opinion of the Honorable WILLIAM T. NICHOLAS reported at *Whitemarsh Township v. R.M.& R., Inc.,* 115 Montg. 348 (Pa. C.P. 1985).

ORDER

NOW, January 23, 1987, the Judgments of Sentence of the Court of Common Pleas of Montgomery County at Criminal Docket Nos. 766-84 and 767-84, on January 28, 1985, are hereby affirmed.